JENNIFER M GILL,

          Plaintiff,

                                        Case No. 24-cv-1440-bhl

     v.

FRANK J. BISIGNANO
Commissioner of the Social Security
Administration,

                 Defendant.

## DECISION AND ORDER

      Plaintiff Jennifer Gill seeks review of the final decision of the Commissioner of the Social Security Administration (SSA) denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act, 42 U.S.C. §405(g). The procedural history of Gill's applications for DIB is confusing. She filed two different applications for DIB, one in 2018 and a second in 2020, with both applications alleging the same disability inception date. She was also represented by different lawyers at different times and sometimes proceeded without counsel. Her second-filed application was ultimately adjudicated first and, after an administrative law judge (ALJ) denied her claim for benefits and the Appeals Council denied review, she declined to file a complaint challenging those rulings in this Court. She then attempted to secure benefits under her other application, but a different ALJ denied her claims based on *res judicata* given the final judgment already entered against her on the same claims. Because the record confirms that the Commissioner justifiably applied claim preclusion to reject her second attempt to secure the same benefits, her appeal will be rejected and the Commissioner's decision affirmed.

### BACKGROUND

      Gill filed her first Title II application for DIB on October 12, 2018. (ECF No. 9-1 at 21.) In this "2018 Application," Gill alleged a disability beginning June 30, 2006. (*Id*.) On January 30, 2020, with her first application still pending, Gill filed a second Title II application for DIB. Gill's "2020 Application" again alleged a disability beginning on June 30, 2006. (*Id.* at 27.) On

September 9, 2020, with both applications pending, Gill's counsel withdrew from her representation. (*Id.* at 1554.) One month later, on October 8, 2020, Gill appointed a second attorney to represent her. (*Id.* at 1558–59.)

For reasons that are unclear, Gill's 2020 Application for benefits, although filed later, proceeded to adjudication first. The SSA denied Gills claims in the 2020 Application both initially and on reconsideration, and Gill then requested a hearing before an ALJ. (*Id.* at 27.) After a December 15, 2020 hearing, the ALJ denied her claims, concluding she was not disabled. (*Id.* at 27–34.) The ALJ explained that Gill had the residual functional capacity (RFC) to perform a full range of work with "nonexertional limitations," and that jobs existed in significant numbers in the national economy that she could perform. (*Id.* at 29–31, 33–34.) Gill sought review of the ALJ's decision, but the Appeals Council denied review on July 15, 2021. (*Id.* at 39.) Gill did not seek further review of that decision in this Court and, on September 16, 2021, her attorney withdrew from her representation. (*Id.* at 51.) The ALJ's decision on her 2020 Application became final on September 20, 2021. (*Id.* at 22, 39, 41.)

Ten months later, on July 21, 2022, Gill retained a third attorney. (*Id.* at 84.) Through this latest counsel, Gill proceeded to have her original 2018 Application adjudicated, but it was also denied both initially and upon reconsideration. (*Id.* at 23.) Gill again requested a hearing on the denial of this application, and the agency initially set a hearing for November 29, 2023. (*Id.* at 115.) Two days before the hearing, however, an SSA representative called Gill's counsel and informed him that the hearing was cancelled. (*Id.* at 256.) During the ensuing discussions, Gill's counsel informed the agency that he was having issues viewing Gill's file. (*Id.*) In response, the SSA representative e-mailed an encrypted file to him. (*Id.*) Counsel then reported he was having issues submitting updated records. (*Id.*) The representative replied that Gill's case would likely be dismissed because her previous application had been denied at the initial and reconsideration levels, was not appealed, and had become final. (*Id.*) Counsel objected to the dismissal. (*Id.*) He said that he understood there would not be a hearing, but that he wanted more time to discuss options with his client, including potentially withdrawing and refiling. (*Id.*) Although Counsel requested a status hearing during the phone call, the ALJ later declined that request, explaining that Gill had few mental impairments, none of the listings had changed since the prior decision, and there was no new information since the prior decision. (*Id.*)

On December 8, 2023, the ALJ formally dismissed Gill's 2018 Application for benefits on *res judicata* grounds, citing 20 C.F.R. §404.957(c)(1). (*Id.* at 22–23.) The ALJ noted counsel's objection to the dismissal, but overruled it, explaining that counsel had represented Gill since July 2022 and thus had almost two years to contact the hearing office regarding the evidence. (*Id.* at 21.) The ALJ explained that two years was ample time to discern and discuss the issues. (*Id.*) The ALJ then addressed the *res judicata* impact of the agency's prior decision denying Gill's claim for benefits. The ALJ indicated that, because Gill did not seek further appeal from the earlier decision, the ruling had become administratively final. (*Id.* at 22.) The ALJ found no reason the decision should not remain final, explaining that Gill was represented at the time of the previous decision (as well as through the appeals process) and that none of the conditions for reopening set forth in 20 C.F.R. §404.988 were presented. (*Id.*) Accordingly, the ALJ held that *res judicata* applied because the 2018 Application involved the same facts, issues, parties and evidence as the 2020 Application. (*Id.*) The ALJ also explained that any additional records submitted[1] were either immaterial or not new and had been fully considered in the previous decision. (*Id.* at 22–23.) On January 3, 2024, Gill requested review of the ALJ's decision. (*Id.* at 16–17.) On September 10, 2024, the Appeals Council denied Gill's request for review. (*Id.* at 7.) Gill now seeks judicial review pursuant to 42 U.S.C. §405(g).

## LEGAL STANDARD

When a social security application is dismissed for procedural reasons, the Court reviews the overall conclusion for an abuse of discretion and any factual findings for lack of substantial evidence. *Smith v. Berryhill*, 587 U.S. 471, 487 n.19 (2019); *see also Alterna Timepeace v. Comm'r Soc. Sec.*, No. 25-1815, 2026 WL 560226, at *2 (3d Cir. Feb. 27, 2026); *Love v. Kijakazi*, No. 22-10008, 2022 WL 3998589, at *1 n.2 (5th Cir. Sep. 1, 2022); *Haight v. Comm'r Soc. Sec.*, No. 22-1364, 2023 WL 3467042, at *1 (6th Cir. Jan. 18, 2023). An ALJ abuses his discretion when "(1) the record contains no evidence upon which the [ALJ] could have rationally based [his] decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." *See Walker v. Price,* 900 F.3d 933, 938 (7th Cir. 2018). The inquiry is limited to whether the ALJ erred based

---

[1] It is unclear if Gill herself or her counsel submitted the additional records considered by the ALJ. (*See* ECF No. 9-1 at 258.)

on what he reasonably could have known when he ruled. *See Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019).

**ANALYSIS**

An ALJ may deny a request for a hearing if *res judicata* bars the claimant from recovering. 20 C.F.R. §404.957(c)(1). Under 20 C.F.R. §404.957(c)(1), *res judicata* applies where the SSA made a previous decision about the claimant's rights on the same facts and same issues and the previous determination was made final by either administrative or judicial action. The doctrine bars an applicant from relitigating already-decided administrative claims and prevents claimants from showing they are disabled during the period previously litigated. *Thomas v. Berryhill*, 676 F. App'x 588, 590 (7th Cir. 2017) (citing *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)).

Gill admits that the record as submitted to the ALJ supports the application of *res judicata*. (*See* ECF No. 10 at 3 ("[T]he Administration is correct in the sense that, based on a review of the medical evidence then available and on file, there were no new facts or issues up for consideration . . . .") (deemphasized).) But Gill argues that the ALJ's dismissal order should be remanded due to new evidence she submitted on February 3, 2024, that she contends was unavailable at the time of the dismissal order "through no fault" of her own. (*Id.* at 3–4.) She contends that this new evidence is relevant and could change the agency's *res judicata* determination. (*Id.* at 5–7.) She also takes issue with the ALJ overruling her objection to dismissal. (*Id.* at 2–3.)

The ALJ's decision will be affirmed. As an initial matter, Gill does not directly address the law of *res judicata* either generally or as it applies in the context of the Commissioner's denial of a DIB application. Although she objects generally to the application of *res judicata* to her second attempt at adjudicating her right to DIB, she does not cite any caselaw or agency regulation to support her argument. (*See id.*) Her failure to support her challenge is a sufficient ground to affirm the ALJ's ruling. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[A]rguments that are unsupported by pertinent authority[] are waived . . . .").

Moreover, the record confirms that the ALJ properly applied *res judicata*. Gill's arguments focus on her desire to submit additional documentation and "new" evidence that she contends could change the *res judicata* analysis. (ECF No. 10 at 4–6.) But this misunderstands the nature of *res judicata*; new evidence is largely irrelevant here. *Res judicata* bars an attempt to relitigate an underlying claim when a final decision has been entered. *See Groves*, 148 F.3d at 810; *see also* 20 C.F.R. §404.957(c)(1). Gill's underlying claim from her 2018 Application, that she was

disabled as of June 30, 2006, is the same as her underlying claim from her 2020 Application, regardless of what "new" evidence she now wishes to provide. If she disagreed with the outcome of her 2020 Application, she was required to seek review from this Court after the Appeals Council denied review. When she failed to do so, she allowed the ALJ's decision, which became that of the Commissioner, to become final. *See* 42 U.S.C. §405(g) (explaining that review from a district court must commence within sixty days of a final decision from the Commissioner). Thus, Gill is precluded from showing that she was disabled during the pre-June 30, 2006 period, and previously unpresented or "new" evidence does not change that determination. *See Thomas*, 676 F. App'x at 590.

Gill's attempt to rely upon new documentation suggests that what she really wants is to reopen the adjudication of her 2020 Application. But the Commissioner's decision not to reopen a prior decision is a matter of agency discretion that is not subject to judicial review. *See Johnson v. Sullivan*, 936 F.2d 974, 976 (7th Cir. 1991) ("A refusal to reopen or a decision to apply administrative *res judicata* is a discretionary one not subject to judicial review."). Gill cannot obtain this Court's review of the discretionary decision not to reopen her case by framing her appeal as a challenge to the ALJ's application of *res judicata* in denying her 2018 Application.

In the end, Gill has not shown that the ALJ incorrectly applied *res judicata*, let alone abused his discretion in doing so. Accordingly, her appeal fails. *See Smith*, 587 U.S. at 487 n.19; *see also Pennewell*, 923 F.3d at 490.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, and this case **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 30, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge